IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 18 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

KRISTINA D. WOOD                                                                                PLAINTIFF

V.                                                  CIVIL ACTION NO.: 3:15cv451 CWR-FKB

MAGEE COMMUNITY CARE CENTER, LLC D/B/A
HILLCREST NURSING CENTER                                                                  DEFENDANT

## COMPLAINT
## JURY TRIAL DEMANDED

COMES NOW the Plaintiff, Kristina D. Wood, by any through her counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, Fair Labor Standards Act (FLSA), and the Family and Medical Leave Act of 1993 (FMLA), against the Defendant, Magee Community Care Center, LLC d/b/a Hillcrest Nursing Center Medical. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1. The Plaintiff, Kristina D. Wood, an adult Caucasian female resident of Simpson County, Mississippi, residing at 210 West Pecan Drive, Mize, Mississippi 39116.

2. Defendant, Magee Community Care Center, LLC d/b/a Hillcrest Nursing Center, is Mississippi corporation that may be served with process through its registered agent: C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

### JURISDICTION AND VENUE

3. This court has federal question jurisdiction.

4. This Court has personal jurisdiction over the Defendant and venue is proper in this

Court.

5.     On June 11, 2014, Plaintiff timely filed a Charge of Discrimination with the EEOC, a true and a true and correct copy of which is attached as Exhibit "A." On March 30, 2015, the EEOC issued a Notice of Right to Sue, a true and correct copy of which is attached hereto as Exhibit "B." Plaintiff timely files these causes of action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF THE FACTS

6.     Plaintiff was employed by the Defendant on June 8, 2011, as assistant Director of Nurses. Plaintiff was responsible for assisting the Director of Nursing.

7.     In May of 2013, Mr. Mark Martiniloch, Caucasian male, was hired as the Administrator in Plaintiff's building.

8.     Soon after Mr. Martiniloch began his position as Administrator, Mr. Martiniloch started making derogatory comments to Plaintiff about her weight, religion, and gender. Mr. Martiniloch's derogatory comments to Plaintiff regarding her weight were, "you should definitely loose 100 pounds before another white man would even consider you, unless, you want to try black men since they seem to like big women like you," and "you have a pretty face, but your weight makes you unattractive." The derogatory comments to Plaintiff from Mr. Martiniloch about Plaintiff's religion were, "how do you believe in a God you cannot see," and "keep praying to your little God, maybe he will hear and help you." Mr. Martiniloch referred to Plaintiff and two of her other co-workers as his "prized pigs."

9.     In April 2014, Plaintiff's Director of Nursing resigned. Plaintiff was placed in the position of interim Director of Nursing. This required Plaintiff to add a lot of work at home hours

that Plaintiff was not paid for. Plaintiff was interested in the position; however, when Plaintiff would let Mr. Martiniloch know of her interest, Mr. Martiniloch would refer to Plaintiff as being "to young" for the position. Mr. Martiniloch told Plaintiff that most nurses had forgotten more than Plaintiff would ever know. Plaintiff was informed by Mr. Martiniloch that the position would run in the newspaper for two weeks and if anyone older or wiser applied, they would receive the position. The position actually ran in the newspaper for one month.

10. Mr. Martiniloch asked Plaintiff what her top priority in her job was and Plaintiff's response was, "the residents and employees." Mr. Martiniloch's response was "No, your job is to make me look good and my job is make Chuck look good so them hiring me was the smartest decision ever." Mr. Martiniloch told Plaintiff that he wanted someone for the position of Director of Nursing that "when he said jump, they said how high, because he makes the rules around here. " After a six week process of hiring a new Director of Nursing and despite being better qualified, Plaintiff did not get the job. Jana Brooks was hired as Director of Nursing for the Defendant.

11. Plaintiff was off work from May 23, 2014, until May 30, 2014, under a physicians care. Plaintiff provided an excuse for each day that she missed. Upon returning to work on June 2, 2014, Plaintiff was written up for "not calling in everyday." This was the first write up that Plaintiff had ever received in her years of employment with the Defendant.

12. On June 5, 2014, Plaintiff was given an "unsatisfactory" evaluation by Mr. Martiniloch and was asked to step down as Assistant Director of Nursing.

13. On June 6, 2014, Plaintiff spoke to Ms. Brooks about having to step down as Assistant Director of Nursing and how she was not being treated fairly. Ms. Brooks told Plaintiff to speak to Mr. Martiniloch on Monday if she was being mistreated.

14. On June 9, 2014, Plaintiff spoke to Mr. Martiniloch about how she felt and he told Plaintiff "even if I were to give you a Fast Track for 30 days there is still no way that you could reach my standards and it would be in your best interest to step down as Assistant Director of Nursing." Plaintiff decided not to step down, and instead, signed a 30 day Fast Track.

15. On June 10, 2014, Plaintiff went to see her physician, Dr. Pruitt. Dr. Pruitt placed Plaintiff under his care for severe anxiety. Plaintiff requested a leave of absence. On June 11, 2014, Dr. Pruitt completed paperwork for Plaintiff's FMLA, stating Plaintiff required a leave of absence for anxiety until August 1, 2014.

16. During Plaintiff's FMLA leave, Mr. Martiniloch let it be know that Plaintiff had "abandoned him" because Plaintiff could not do her job duties.

17. Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of his race.

18. Mr. Martiniloch's derogatory comments to Plaintiff about Plaintiff's religion such as, "how do you believe in a God you cannot see," and "keep praying to your little God, maybe he will hear and help you," were discriminating towards Plaintiff because of Plaintiff's religious beliefs

19. The Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender, female.

20. As such, Defendant has unlawfully discriminated against Plaintiff because of her race, religion, and sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, and has unlawfully been retaliated against because of taking FMLA, in violation of the Family and Medical Leave Act.

21. The work Plaintiff did at home during the period while Plaintiff was interim Director

of Nursing, with hopes of earning the position full time. Plaintiff was not paid for this time and effort she put in towards earning the position.

## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF THE FAIR LABOR STANDARDS ACT

22. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 21 above as if fully incorporated herein.

23. Plaintiff was a non- exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to overtime pay for all hours over forty (40) hours worked in a given week.

24. The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one-and-one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week.

25. Plaintiff was not paid all overtime compensation due to him by Defendant under the Fair Labor Standards Act at a rate of 1 ½ his regular rate of pay.

26. The acts of the Defendant constitute a willful intentional violation of the Fair Labor Standards Act.

### COUNT TWO: VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, AND 42 U.S.C. § 1981 - RACE DISCRIMINATION

27. Plaintiff incorporates the above paragraphs 1 through 26 as though specifically set forth herein and alleges as follows:

28. Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of his race.

29. Plaintiff has suffered an adverse employment action as a result of the Defendant's

racially discriminatory treatment of Plaintiff.

30. Plaintiff has been harmed as a result of the Defendant's discrimination, and the Defendant is liable to the Plaintiff for the same.

### COUNT THREE: RELIGIOUS DISCRIMINATION

31. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 30 above as if fully incorporated herein.

32. Mr. Martiniloch's derogatory comments to Plaintiff about Plaintiff's religion such as, "how do you believe in a God you cannot see," and "keep praying to your little God, maybe he will hear and help you," were discriminating towards Plaintiff because of Plaintiff's religious beliefs.

### COUNT FOUR: VIOLATIONS OF TITLE VII - SEX DISCRIMINATION

33. Plaintiff incorporates the above paragraphs 1 through 32 as though specifically set forth herein and alleges as follows:

34. The Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender, female.

35. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard for the statutory rights of the Plaintiff.

36. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and entitle Plaintiff to recovery of damage as specified by Statute.

### COUNT FIVE: VIOLATIONS OF TITLE VII AND 42 U.S.C. § 1981 - RETALIATION

37. Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 36.

38. Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

39. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and 42 U.S.C. § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## COUNT SIX: DIRECT VIOLATION OF THE REQUIREMENTS OF THE FMLA

40. Plaintiff incorporates paragraphs 1 through 39 above as though specifically set forth herein and alleges that:

41. Plaintiff qualified for the FMLA and was granted FMLA.

42. As a direct and proximate result of the acts and omissions of Defendant described above, Plaintiff has suffered lost wages and benefits and other pecuniary loss as well as deep pain, humiliation, anxiety, and emotional distress.

43. Plaintiff is allowed to recover all lost wages, salary, employment benefits or other compensation denied to her as well as actual monetary losses sustained by Plaintiff as a result of the violation.

44. In addition, Defendant has unlawfully retaliated against Plaintiff for taking FMLA leave. These actions are specifically prohibited by 29 U.S.C. § 2615.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Reinstatement;
2. Back pay;
3. Compensatory damages;
4. Liquidated damages;

5. Punitive damages;
6. Attorney's fees;
7. Costs and expenses; and
8. Any other relief to which she may be properly entitled.

THIS the 18th day of June, 2015.

Respectfully submitted,

KRISTINA D. WOOD, PLAINTIFF

By: *Louis H. Watson Jr.*
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, JR., PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile:  (601) 968-0010
Email: louis@watsonnooris.com