KRISTINA D. WOOD                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:15-cv-451-CWR-FKB

MAGEE COMMUNITY CARE CENTER, LLC
d/b/a HILLCREST NURSING CENTER                                    DEFENDANT

## ANSWER

Pursuant to Fed. R. Civ. P. 81(c), Defendant, Magee Community Care Center, LLC d/b/a Hillcrest Nursing Center ("Hillcrest" or "Defendant"), hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint filed in the above styled and numbered cause of action:

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged cause(s) of action, as well as to the entire Complaint. Insofar as any of the following express denial of an element of the claims, or any of them, alleged against Defendant, such expression is in no way intended as a concession that Plaintiff is relieved of her burden to prove each and every element of any such claim. Defendant does not assume the burden of a defense asserted that is adjudged not to be an affirmative defense, whether listed here or not.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted against Defendant.

## SECOND DEFENSE

Some or all of Plaintiff's claims are barred by her failure to reasonably mitigate her damages, if any.

**THIRD DEFENSE**

All or a portion of the Plaintiff's claims are barred by her failure to timely exhaust available internal or external administrative remedies.

**FOURTH DEFENSE**

The Defendant's actions towards Plaintiff were taken in good faith and for legitimate, non-discriminatory and non-retaliatory reasons.

**FIFTH DEFENSE**

Plaintiff's damages, if any, are barred because the alleged conduct of Defendant was not the proximate cause of her alleged damages.

**SIXTH DEFENSE**

Some or all of Plaintiff's claims are barred by the after-acquired evidence doctrine.

**SEVENTH DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statutes of limitation.

**EIGHTH DEFENSE**

Some or all of Plaintiff's damage claims are barred since Defendant cannot be liable for acts of employees committed outside the scope of their employment or acts in violation of its policies and procedures.

**NINTH DEFENSE**

The Defendant's policies prohibit unlawful discrimination and retaliation, and it has a procedure for the resolution of complaints alleging discrimination and retaliation.

**TENTH DEFENSE**

An award of punitive or liquidated damages would be contrary to Defendant's good faith efforts to comply with the law.

## ELEVENTH DEFENSE

Plaintiff's claim for punitive damages is barred because she cannot prove by clear and convincing evidence that Defendant's actions were extreme and outrageous and/or malicious.

## TWELFTH DEFENSE

Plaintiff's claim for punitive damages is in violation of the Mississippi Constitution, as well as the Eighth and Fourteenth Amendments to the United States Constitution.

## THIRTEENTH DEFENSE

Defendant states that even if the Plaintiff is able to prove that a prohibited factor motivated Defendant's employment action, which Defendant expressly denies, the same action would have been taken even absent such motivation and, therefore, the Plaintiff's claims fail.

## FOURTEENTH DEFENSE

The Plaintiff's claims fail to the extent they are barred by the doctrines of waiver or estoppel.

## FIFTEENTH DEFENSE

Defendant avers that Plaintiff's damages, if any, resulted from her own conduct or from an unreasonable failure to avoid the complained of harm.

## SIXTEENTH DEFENSE

Plaintiff was an employee terminable at will, and as such her employment could be terminated for any reason not made unlawful by federal or state law.

## SEVENTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of laches.

## EIGHTEENTH DEFENSE

To the extent Plaintiff seeks to litigate claims that are outside the scope of her EEOC charge, these claims should be dismissed.

## NINTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the exclusive remedy provisions of the Mississippi Workers' Compensation Act.

## TWENTIETH DEFENSE

Plaintiff's claims are barred by the provisions of 42 U.S.C. § 2000e-5(g)(2)(A).

## TWENTY-FIRST DEFENSE

Plaintiff unreasonably failed to take advantage of corrective opportunities provided by Defendants to employees for reporting and remedying alleged harassment.

## TWENTY-SECOND DEFENSE

At all times material to Plaintiff's employment, Defendant acted in good faith and had reasonable grounds for believing that the corrective actions taken in response to notification were acceptable and sufficient.

## TWENTY-THIRD DEFENSE

Plaintiff has failed to plead special damages with particularity as required by Federal Rule of Civil Procedure 9(g).

## TWENTY-FOURTH DEFENSE

By practice and policy, Defendant prohibits discrimination and/or harassment and retaliation for reporting violations of policy.

## TWENTY-FIFTH DEFENSE

Defendant denies Plaintiff is entitled to any relief. Without admitting any wrongful conduct by Defendant or that of any employees, agents or representatives of Defendant, the total amount of compensatory and punitive damages that Plaintiff may recover for any alleged violation of Title VII may not exceed the statutory limits that is set forth in 42 U.S.C. 1981a(b)(3).

## TWENTY-SIXTH DEFENSE

Defendant denies Plaintiff is entitled to any relief. Alternatively, without admitting any wrongful conduct by Defendants or that of any employees, agents or representatives of Defendant, if the evidence determines that Plaintiff is entitled to back pay or front pay, Defendants are entitled to a offset of amounts earned or which could have been earned with reasonable diligence, or unemployment benefits paid to Plaintiff.

## TWENTY-SEVENTH DEFENSE

Plaintiff has no standing to initiate this action and no right to any relief under the FMLA because she did not suffer from a "serious health condition" within the meaning of 29 U.S.C. § 2612 and 29 C.F.R. § 825.113 and was not otherwise entitled to leave under 29 U.S.C. § 2612.

## TWENTY-EIGHTH DEFENSE

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

## TWENTY-NINTH DEFENSE

Plaintiff was an "exempt" employee as that term is defined under the Fair Labor Standards Act.

## **THIRTEETH DEFENSE**

Defendant's actions and decisions regarding Plaintiff's pay or wage were based on a reasonable and good faith belief that such were in compliance with applicable law and Plaintiff's claim for liquidated damages under the Fair Labor Standards Act should be denied.

## **ANSWER**

AND NOW, having asserted its affirmative defenses, and in the event said defenses are not dispositive of this action, Defendant answers the allegations of the Complaint as follows:

### *Parties*

1.  Defendant admits the allegations of paragraph 1 of the Complaint.

2.  Defendant admits the allegations of paragraph 2 of the Complaint.

### *Jurisdiction*

3.  Subject to its defenses above, Defendant admits the allegations of paragraph 3 of the Complaint.

4.  Subject to its defenses above, Defendant admits the allegations of paragraph 4 of the Complaint.

5.  Subject to its defenses above, Defendant admits the allegations of paragraph 5 of the Complaint and admits that the referenced exhibits appear to be reasonable facsimiles of the referenced documents.

### *Statement of Facts*

6.  Defendant admits the allegations of paragraph 6 of the Complaint.

7.  Defendant admits the allegations of paragraph 7 of the Complaint.

8.  Defendant denies the allegations of paragraph 8 of the Complaint.

9.  Defendant admits Plaintiff assumed role of Director of Nursing but denies the remaining allegations of the Complaint.

10. Defendant admits that Jana Brooks was hired as Director of Nursing but denies the remaining allegations of paragraph 10 of the Complaint.

11. Defendant admits Plaintiff received write ups but denies the remaining allegations of paragraph 11 of the Complaint.

12. Defendant admits Plaintiff received unsatisfactory evaluations but denies the remaining allegations of paragraph 12 of the Complaint.

13. Defendant denies the allegations of paragraph 13 of the Complaint.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff was granted FMLA leave but denies the remaining allegations of paragraph 15 of the Complaint.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

*Causes of Action*

*Count One: Violation of the Fair Labor Standards Act*

22. Defendant references and incorporates herein all prior defenses and answers for purposes of responding to the allegations of paragraph 22 of the Complaint.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant admits the FLSA requires overtime pay for non-exempt employee for hours worked in excess of 40 in a workweek.  To the extent Plaintiff's allegations in paragraph 24 are intended to suggest she is entitled to overtime pay, it is denied.

25. Defendant denies the allegations of paragraph 25 of the Complaint but admits Plaintiff was not entitled to overtime pay when performing in an exempt capacity.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

*Count Two: Violations of Title VII of the Civil Rights Act of 1964, as amended,*
*and 42 U.S.C. §1981 – Race Discrimination*

27. Defendant references and incorporates herein all prior defenses and answers for purposes of responding to the allegations of paragraph 27 of the Complaint.

28. Defendant denies the allegations of paragraph 28 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

*Count Three: Religious Discrimination*

31. Defendant references and incorporates herein all prior defenses and answers for purposes of responding to the allegations of paragraph 31 of the Complaint.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

*Count Four: Violations of Title VI – Sex Discrimination*

33. Defendant references and incorporates herein all prior defenses and answers for purposes of responding to the allegations of paragraph 33 of the Complaint.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

35. Defendant denies the allegations of paragraph 35 of the Complaint.

36. Defendant denies the allegations of paragraph 36 of the Complaint.

*Count Five: Violations of Title VII and 42 U.S.C. §1981*
*- Retaliation*

37. Defendant references and incorporates herein all prior defenses and answers for purposes of responding to the allegations of paragraph 37 of the Complaint.

38. Defendant denies the allegations of paragraph 38 of the Complaint.

39. Defendant denies the allegations of paragraph 39 of the Complaint.

*Count Six: Direct Violations of the Requirements of the FMLA*

40. Defendant references and incorporates herein all prior defenses and answers for purposes of responding to the allegations of paragraph 40 of the Complaint.

41. Defendant admits Plaintiff was granted FMLA leave but denies the remaining allegations of paragraph 41 of the Complaint.

42. Defendant denies the allegations of paragraph 42 of the Complaint.

43. Defendant denies the allegations of paragraph 43 of the Complaint.

44. Defendant denies the allegations of paragraph 44 of the Complaint.

Defendant denies the allegations of the unnumbered paragraph commencing with "WHEREFORE" and ending with "properly entitled", inclusive of subparts 1 through 8, and specifically denies Plaintiff is entitled to any relief from Defendant.

Defendant denies any and all allegations not specifically admitted in the above paragraphs for all intent and purposes of this responsive pleading.

Respectfully submitted, this the 2nd day of July, 2015.

**MAGEE COMMUNITY CARE CENTER, LLC
d/b/a HILLCREST NURSING CENTER**
Defendant

*/s/ Timothy W. Lindsay*
Timothy W. Lindsay (MS Bar No. 1262)
timothy.lindsay@ogletreedeakins.com
Robin Banck Taylor (MS Bar No. 100195)
robin.taylor@ogletreedeakins.com
**Attorneys for Defendant**

**OF COUNSEL:**

OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
100 Renaissance, Suite 200
1022 Highland Colony Parkway
Ridgeland, Mississippi 39157
Telephone:  (601) 360-8444
Facsimile:  (601) 360-0995

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via the Court's Electronic

Filing System upon the following:

Louis H. Watson, Jr.
Nick Norris
WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216-4972

**ATTORNEYS FOR PLAINTIFF**

This, the 2nd day of July, 2015.

*/s/ Timothy W. Lindsay*
Timothy W. Lindsay